OPINION
Defendant-Appellant, Cynthia Price, appeals from the judgment of the Common Pleas Court of Seneca County, Juvenile Division, denying her motion for modification of custody of her minor child, Daniel Price.
On November 2, 1998, the Seneca County Department of Human Services (hereinafter "SCDHS") filed a complaint in the Juvenile Court of Seneca County, alleging that Daniel was a dependent child. Daniel was removed from the custody of Cynthia and placed in the custody of his great grandmother on that same day. On January 19, 1999, apparently pursuant to an agreement between the parties, Daniel was adjudicated dependent and the trial court ordered that Daniel be placed in the custody of the SCDHS. Also apparently pursuant to an agreement, Cynthia was to abide by a number of restrictions, including, attending individual counseling, completing parenting classes, obtaining and maintaining adequate housing, participating in the Early Intervention Program, cooperating with SCDHS, and visiting Daniel regularly while he was in the custody of SCDHS.
A review hearing was held on July 28, 1999 and completed on October 7, 1999, wherein Cynthia moved the court to, inter alia, return custody of Daniel to her or, in the alternative, increase her visitation with him. On October 27, 1999, the trial court issued a decision in which the court ordered that custody and visitation was to continue under the previous orders of the court. It is from this order that Cynthia now appeals, prosecuting one assignment of error:
 The trial court erred in failing to return the child Daniel Price to the home of his natural mother or increasing companionship with the natural mother contrary to the evidence before it.
Essentially, Cynthia asserts that the trial court erred by finding that it was in Daniel's best interest to continue in the temporary custody of the Seneca County Department of Human Services.
In Miller v. Miller (1988), 37 Ohio St.3d 71, 74,523 N.E.2d 846, 849, the Ohio Supreme Court stated:
 The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. In this regard, the reviewing court in such proceedings should be guided by the presumption that the trial court's findings were indeed correct.
The best interests of the child control at the dispositional phase in a dependency action. In re Cunningham (1979), 59 Ohio St.2d 100,105, 391 N.E.2d 1034. A hearing in which the parent attempts to modify the dispositional custody order is a further dispositional hearing. A party seeking the modification of a custody order in juvenile court must prove by clear and convincing evidence that the modification is in the best interest of the child. In re Patterson (1984), 16 Ohio App.3d 214, 16 OBR 229,475 N.E.2d 160. Clear and convincing evidence is that measure or degree of proof which is more than a preponderance of the evidence but which does not require the extent of certainty as does "beyond a reasonable doubt" in a criminal case. It provides in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. In re Hiatt (1993), 86 Ohio App.3d 716,725, 621 N.E.2d 1222, 1228. A reviewing court will reverse a judgment of the juvenile court only upon a showing of an abuse of discretion. In re Pieper Children (1993), 85 Ohio App.3d 318,330, 619 N.E.2d 1059, 1066-1067. An abuse of discretion constitutes "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219, 450 N.E.2d 1140 (citations omitted).
In this case, an initial hearing on Cynthia's motion was held on July 28, 1999 and completed on October 7, 1999. At the hearings, various parties were allowed to offer testimony and other evidence in support of their respective positions, as well as cross-examine witnesses offered by opposing parties.
The juvenile court entered a Judgment Entry on October 27, 1999, wherein the court found the following: Cynthia is involved in individual counseling and she has completed parenting classes; she takes a regimen of medications daily; Cynthia does not drive a motor vehicle and she is unemployed and receives assistance for housing expenses; Cynthia's income consists solely of social security payments and disability benefits; since moving from the Delaware, Ohio area, Cynthia has resided at Marjorie Henry's home, her father's home, at a local hotel, with friends, and at the First Step Domestic Violence Shelter; Cynthia gained independent housing only several days before the October 7 hearing; Cynthia has been diagnosed as being severely mentally disabled and she has a bi-polar disorder; Daniel suffers from a disability as he has an expressive/receptive language disorder; and, after visits with his mother, Daniel becomes more aggressive, hitting his foster mother and throwing temper tantrums, and he regresses with his speech therapy.
Based upon the above, the juvenile court concluded as follows:
* * *
 The court has examined the best interests of the minor child in this matter and finds that the best interest are served by continuing the child in the temporary custody of the Seneca County Department of Human Services. Mother has not demonstrated that she is able to provide a stable environment for herself and her minor child. Mother has not demonstrated independent living skills. Visits with the child and the mother impact the child to such a degree that the child regresses on his progress with speech therapy and becomes violent dealing with others. Mother has not demonstrated a consistency of maintaining employment. Mother is too dependent of others (Department of Human Services, SAFY, her counselor) and this continued significant dependence impairs her abilities to make independent living decisions that are in the best interest of her, her child and her child's special needs.
 To return Daniel to the custody of his mother would jeopardize the safety and the welfare of this child. The present placement of Daniel is safe and provides for the welfare of the child. The court has taken into consideration the safety and welfare of this child as paramount considerations in keeping this child in the temporary custody of the Seneca County Department of Human Services.
 * * *
Following a thorough review of the record herein, we hold the juvenile court's decision to maintain the current custody arrangements was not unreasonable, arbitrary or unconscionable. While Cynthia has apparently made significant progress with her individual counseling, parenting skills, and independent living skills, the record herein does not demonstrate by clear and convincing evidence that modification of custody at this time is in the best interest of the child.
Accordingly, Appellant's assignment of error is not well taken and is without merit. Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, we affirm the judgment of the Seneca County Court of Common Pleas.
Judgment affirmed.
 ______________________________ BRYANT, PRESIDING JUDGE
 HADLEY, P.J., and WALTERS, J., concur.